UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMYTRO IVANOV,<br><br>                    Plaintiff,<br><br>         v.<br><br>ALEJANDRO N. MAYORKAS, et al.,<br>                    Defendants. | Case No. 8:25-00007 ADS<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS** |

## I.  INTRODUCTION

On January 2, 2025, Plaintiff filed this action seeking mandamus relief in relation to his immigration application.  (Dkt. No. 1.)  Since then, the case has made no substantive progress.  The Court issued an OSC Re Dismissal For Lack of Prosecution.  (Dkt. No. 23.)  In response, Plaintiff filed a Motion for 60-day Stay (Dkt. No. 24.)  The Court denied the Motion for 60-day Stay and ordered Plaintiff to file a Local Rule compliant proof of service and a substitution of counsel form by no later than October

17, 2025 (the "Order"). (Dkt. No. 25.) To date, Plaintiff has not complied with or filed any response to the Order.

## II. DISCUSSION

Dismissal of this action is warranted due to Plaintiff's failure to prosecute the case and comply with court orders. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642.

Here, the first, second, third, and fifth factors weigh in favor of dismissal. First, Plaintiff has failed to engage with this case in any way since September 12, 2025 and failed to respond to the Court's October 2, 2025 Order Requiring Proof of Service. This failure to prosecute the case has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Second, Plaintiff has failed to rebut the presumption that defendants have been prejudiced by this unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting Anderson v. Air West, Inc., 542

F.2d 522, 524 (9th Cir. 1976)).  Third, there is no less drastic sanction available as the Court has warned Plaintiff multiple times that the case would be dismissed.  Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal.  See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Finally, although the fourth factor always weighs against dismissal, here Plaintiff's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits.  Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.").  Having weighed these factors, the Court finds that dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) is warranted.

**III.   CONCLUSION**

Accordingly, this action is dismissed for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).  Judgment is to be entered accordingly.

**IT IS SO ORDERED**.

Dated:  November 20, 2025

      /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge